UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 2:97CR11(11) |
| | § | |
| EDWARD JAMES WILLIAMS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On December 3, 2007, the court held a hearing on the government's petition (#613) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Richard Moore. The defendant was represented by Mr. Wayne Dickey.

Edward James Williams was sentenced on August 26, 1998, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute and distribution of cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Edward James Williams was subsequently sentenced to 18 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse as directed by the probation officer. On February 14, 2003, Edward James Williams completed his period of imprisonment and began service of the supervision term.

On June 16, 2006, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following condition:

1) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. Specifically, the government alleges as follows: On or about January 24, 2006, Mr. Williams submitted a urine specimen that tested positive for cocaine. On February 3, 2006, Mr. Williams submitted a urine specimen that tested positive for cocaine, and on April 5, 2006, Mr. Williams again submitted a urine specimen that tested positive for cocaine.

The court scheduled a revocation hearing for December 3, 2007. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 21 months, with no term of supervised release to follow such term of imprisonment. The court further recommended that the defendant be placed by the Bureau of Prisons within its Texarkana, Texas, facility. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be

imprisoned for a term of 21 months, with no term of supervised release to follow such term of imprisonment.  It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas facility.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 7th day of January, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE